IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BLANCA CARRILLO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00147 |
| | § | |
| | § | |
| ROICOM USA, LLC, | § | |
| | § | |
| *Defendant*. | § | *JURY DEMANDED* |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, BLANCA CARRILLO, complaining of Defendant, ROICOM USA, LLC, and alleges the following:

### I. PARTIES

1. **Blanca Carrillo** (hereafter "Plaintiff" and "Carrillo") is a resident of El Paso County, Texas.

2. Defendant **ROICOM USA, LLC** (hereafter "Defendant" and "ROICOM") may be served with process by serving its registered agent **Tom Ahmann, 12100 Esther Lama, El Paso, Texas 79936** or wherever he may be found.

### II. JURISDICTION AND VENUE

3. This is a proceeding authorized by and instituted pursuant to the False Claims Act, 31 U.S.C. §3730(h). It is brought to prevent Defendant from interfering with the rights guaranteed Plaintiff by this statute.

4. This Court has jurisdiction to hear the merits of Ms. Carrillo's claims under 28 U.S.C. §1331.

5. Venue is proper in the Western District of Texas under 28 U.S.C. §1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Western District of Texas.

### III. FACTS

6. ROICOM is the for-profit sister company to ReadyOne Industries, Inc. ("ReadyOne"), a 501(c)(3) factory which provides essential apparel to the United States military.

7. ROICOM creates critical equipment and uniforms for U.S. military personnel which, if assembled incorrectly, could risk the lives of U.S. servicepersons throughout the world.

8. Carrillo started working at ROICOM in or around October 2017 to conduct quality control.

9. Carrillo worked diligently in her position from October 2017 to the day of her firing.

10. At ROICOM, Carrillo's primary position was doing quality control of the lining of all uniforms.

11. In or around May 2019, Carrillo did a review of a Lot of female uniforms. She noticed that around 80 of the uniforms had perforated linings. Upon further inspection, it was clear that a serial number label had been taken out and re-sewn with a manual machine. This left dangerous holes in the lining that could harm the soldiers who would eventually use these uniforms.

12. Carrillo immediately informed her supervisors about what had happened. They told her that she should just "let them go through." A few days later, she went to her supervisor of Quality Control, Oswaldo, and informed him that they needed to review the Lot and that they

could not move forward as constructed. He told her that he would make sure the Lot would not be sent to the Department of Defense until they were fixed.

13. Within the following week, Carrillo was in the "cage" area and saw a number of boxes of product set aside. She was told by a manager, Carla, that, "Because of you, we lost a lot of money." Carrillo was under the impression, at this point, that the Lot would not be sent until it was fixed.

14. In early September 2019, Carrillo was told by other employees in the Quality Control division that the defective uniforms from the Lot in question had not been separated out – ensuring that they would be sent to the U.S. Army in their defective condition. Carrillo immediately spoke with Armando Sanchezcastellanos, the General Manager of ROICOM about the suspect Lot. Sanchezcastellanos informed Carrillo he would look into it.

15. After reporting the incident, she spoke with a woman from Human Resources and a supervisor, Maria de Santiago. Carrillo told them the same thing she told Sanchezcastellanos. They threatened her – telling her that if she was lying, they would put her in jail. Carrillo insisted that what she was telling them was the truth.

16. Around September 13, after this first meeting with Human Resources, she wrote up a declaration of what she had seen and submitted it to Rolando Alvarez in the Human Resources office.

17. Within a week after turning in her declaration, a woman from Human Resources interviewed Carrillo again about the incident.

18. Within three weeks of her interview with Human Resources, on or around October 10, 2019, Carrillo was called into Human Resources by the same woman who had interviewed her. The woman informed Carrillo that ROICOM was laying her off.

19. Defendant's reasons for the termination were untrue and pretextual. She was replaced by other employees who did not have experience in Quality Control.

### III.  CAUSE OF ACTION

#### COUNT ONE
#### FALSE CLAIMS ACT RETALIATION
#### (31 U.S.C. § 3730(h))

20. The above allegations are re-alleged and adopted by reference.

21. Carrillo had knowledge of fraud that was United States Department of the Army. Carrillo reported this fraud to Defendant to stop fraudulent claims on the government. Therefore, Carrillo engaged in "efforts to stop 1 or more violations of this subchapter." 31 U.S.C. §3730(h)(1).

22. Carrillo engaged in activity protected under the statute. Defendant knew that Carrillo engaged in protected activity and terminated Carrillo because she engaged in such protected activity.

23. Therefore, Defendant has violated the False Claims Act, 31 U.S.C. §3730(h).

24. As a direct and proximate result of Defendant's conduct, Carrillo has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress).

### IV.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court award her:

a. Reinstatement with the same seniority status that she would have had but for the discrimination (or front pay in lieu thereof);

b. Two (2) times the amount of back pay;

c. Front pay;

    d.    Actual, compensatory, and exemplary damages;

    e.    Pre- and post-judgment interest;

    d.    Compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; and

    e.    Any such other relief as the Court may find proper, whether at law or in equity.

**SIGNED** this 21st day of May, 2020.

Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
2515 North Stanton
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Facsimile

  /s/ Lynn Coyle
LYNN COYLE
Texas Bar No. 24050049
lynn@coylefirm.com
CHRISTOPHER BENOIT
Texas Bar No. 24068653
chris@coylefirm.com

*Attorneys for Plaintiff*